# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEANNE MARIE DRULEY, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>JUSTIN JONES, et al., )<br>)<br>    Defendants. ) | Case No. CIV-13-1191-D |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging various violations of her constitutional rights. United States District Judge Timothy D. DeGiusti had referred the matter to the undersigned Magistrate Judge for the preparation and submission of proposed findings and recommendations as to dispositive matters referenced in 28 U.S.C. § 636(b)(1)(A) and (B). Currently before the Court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 2. For the following reasons, it is recommended that the motion be **DENIED.**

## BACKGROUND

Plaintiff identifies herself as having Gender Identity Disorder (GID), and states that she is post-operative[1] transsexual/transgender. She claims that the Oklahoma Department of Corrections' (ODOC) medical staff lacks experience with the treatment of

---

[1] Plaintiff states that she had a bi-lateral orchiectomy and bi-lateral mammoplasty in 1980 and 1984, respectively. Complaint, Ex. A, p. 1. Plaintiff was incarcerated with the Oklahoma Department of Corrections in 1986, after these surgical procedures. Complaint, 5.

her disorder, and in particular has failed to provide the proper level of hormone treatment. Brief in Support of Motion for Temporary Restraining Order and Preliminary Injunction, 2-3 (Brief in Support). She claims that this will cause her harm because "she will start to lose the progress she has gained from her former maximum doses of her hormones." *Id.* at 5. She also complains that she has been denied a bra at her current facility, Joseph Harp Correctional Center, but was allowed one at the Oklahoma State Reformatory (OSR). Brief in Support, 4. She claims that the lack of a bra causes her grief because of the comments of the other offenders. Brief in Support, 5. Finally, she complains about being housed in the "A.C." building—she doesn't otherwise describe her housing situation, only that she has difficulty breathing there. Brief in Support, 2.

Plaintiff claims she was on hormone treatment at OSR from 1987 to 1988, but that it was then discontinued until either 2011 or 2012. She claims that although her hormone treatment has been re-started, it does not conform to the protocol she believes appropriate for the treatment for GID. Complaint, 5.

## DISCUSSION

Great care must be used in the granting of interlocutory injunctive relief because of the extraordinary nature of that remedy. *Commercial Security Bank v. Walker Bank & Trust Co.,* 456 F.2d 1352, 1356 (10th Cir. 1972). As a result, it may only be granted without notice to the adverse parties when the procedural safeguards of Fed. R. Civ. P. 65(b) are "scrupulously honored." 11A C. Wright, A. Miller, & M. Kane, Federal Practice & Procedure 2d § 2952; *see also Commercial Security Bank,* 456 F.2d at 1356 ("We can

only reiterate that Rule 65 must be strictly complied with.") Those safeguards require the movant to show that "immediate and irreparable injury, loss, or damage will result ... before the adverse party ... can be heard in opposition," and certify "in writing any efforts made to give notice [to the adverse party] and the reasons why it should not be required." Fed. R. Civ. P. 65(b). In the declaration supporting her motion, Plaintiff does not address her efforts to notify the Defendants of the application or provide any reasons for her inability to provide such notice. As a result, it is recommended that the motion for a temporary restraining order be denied. *Commercial Security Bank,* 456 F.2d at 1356 (reversing the district court's issuance of a temporary restraining order in part because the court had failed to comply with Fed. R. Civ. P. 65(b)).

To obtain a preliminary injunction, a party must establish: (1) "a substantial likelihood of success on the merits;" (2) "irreparable harm to the movant if the injunction is denied;" (3) "the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party;" and (4) "the injunction, if issued, will not adversely affect the public interest." *General Motors Corp. v. Urban Gorilla, LLC,* 500 F.3d 1222, 1226 (10th Cir. 2007).

Upon review of the motion, the undersigned finds that Plaintiff has not shown a substantial likelihood of success on the merits. She complains about a lack of adequate hormonal treatment, but concedes that she received no such treatment from 1988 to 2011 or 2012. She now alleges that she is receiving some hormonal medication, but alleges that it is not enough to maintain "the progress she has gained from her former

3

maximum doses of hormones." Brief in Support, 5. The Tenth Circuit has noted the following with regard to allegations regarding inadequate treatment for GID:

> It is apparent from the record that there were a variety of options available for the treatment of plaintiff's psychological and physical medical conditions. It was never established, however, that failing to treat plaintiff with estrogen would constitute deliberate indifference to a serious medical need. While the medical community may disagree among themselves as to the best form of treatment for plaintiff's condition, the Department of Corrections made an informed judgment as to the appropriate form of treatment and did not deliberately ignore plaintiff's medical needs. The medical decision not to give plaintiff estrogen until further study does not represent cruel and unusual punishment. This case, like *Estelle,* does not present a situation where there was a total failure to give medical attention. At most, plaintiff might have made a case for negligence or medical malpractice, but he could not have established a constitutional violation.

*Supre v. Ricketts*, 792 F.2d 958, 963 (10th Cir. 1986) (citing *Estelle v. Gamble,* 429 U.S. 97, 105–06 (1976) and *Daniels v. Galbreath,* 668 F.2d 477, 482 (10th Cir. 1982). In addition, the undersigned notes that Plaintiff's allegations also raise some question as to the timeliness of her claims. Finally, her claims about the health consequences of her housing situation are so vague that it cannot be said that there is a substantial likelihood that she would prevail.

As far as irreparable harm, Plaintiff's allegations that she was completely without any hormone treatment for many years, and that without hormone treatment she will "lose the progress" of her former treatment for GID are insufficient to establish this factor. Likewise, these same allegations do not support a finding that the threatened

4

injury outweighs the harm that the preliminary injunction may cause the opposing party.

Finally, the undersigned finds that Plaintiff has failed to show that the injunction she seeks is not adverse to the public interest. The Supreme Court has clearly cautioned against judicial interference with the daily administration of prisons. *Turner v. Safley,* 482 U.S. 78, 84–85 (1987). In *Turner,* the Court stated:

> Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government. Prison administration is, moreover, a task that has been committed to the responsibility of those branches, and separation of powers concerns counsel a policy of judicial restraint.

482 U.S. at 84–85. The desired injunction would obviously interfere with prison administrative and/or medical decisions. Under these circumstances, the public interest weighs against the issuance of a preliminary injunction.

## RECOMMENDATION

In light of the foregoing, it is recommended that Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, **ECF No. 2**, be **DENIED.** Plaintiff is hereby advised of her right to file an objection to this Report and Recommendation with the Clerk of this Court by **April 14, 2014**, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives her right to appellate review of

both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## STATUS OF THE REFERRAL

This Report and Recommendation **DOES NOT dispose of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on March 28, 2014.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE