IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEANNE MARIE DRULEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-1191-D |
| | ) | |
| JUSTIN JONES, *et al.*,[1] | ) | |
| | ) | |
| Defendants. | ) | |

# **O R D E R**

This matter comes before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), which recommends the denial of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 2]. Plaintiff, a state prisoner appearing *pro se* in this action under 42 U.S.C. § 1983, has filed a timely written objection. Thus, the Court must make a *de novo* determination of the portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff's Complaint alleges that she has gender identity disorder (GID), that she was receiving medical treatments needed to change her gender from male to female when she was incarcerated, and that she is not currently receiving the hormone medications previously prescribed for her condition. With the Complaint, Plaintiff has filed the Motion seeking

---

[1] Plaintiff brings suit against Justin Jones in his individual capacity and his official capacity as director of the Oklahoma Department of Corrections. For the official capacity action, the current director, Robert Patton, is automatically substituted as a defendant pursuant to Fed. R. Civ. P. 25(d).

immediate relief pursuant to Fed. R. Civ. P. 65.  Although the precise relief sought by the Motion is unclear, Plaintiff argues in her supporting brief that she will suffer irreparable injury if she does not receive the proper hormone therapy and a bra.  *See* Pl.'s Brief [Doc. No. 3] at 5.

Judge Erwin finds that Plaintiff has failed to satisfy the requirements of Rule 65(b) for a temporary restraining order without notice.  Judge Erwin also finds that Plaintiff's allegations are insufficient to satisfy the requirements for issuance of a preliminary injunction.  Judge Erwin concludes that there is not a substantial likelihood of success on the merits of Plaintiff's § 1983 claim in light of *Supre v. Ricketts*, 792 F.2d 958, 963 (10th Cir. 1986), which held that prison officials were not constitutionally required to administer requested female hormones to a transsexual inmate.   Judge Erwin also concludes that Plaintiff's allegations are insufficient to show she will suffer irreparable harm without the injunction, that the threatened injury outweighs potential harm to the opposing party, or that the injunction will not adversely affect the public interest.

In her Objection, Plaintiff does not disagree with Judge Erwin's finding that denial of a particular hormone treatment does not establish a constitutional violation.  Plaintiff instead notes that she also argued in her brief that she had been denied a transfer from an "A.C. unit to a non A.C. unit, which is causing her to stay sick and to have a hard time breathing."  *See* Pl.'s Br. [Doc. No. 3] at 4.  Plaintiff argues in her Objection that "she is unable to breathe properly" in an air-conditioned building because of her age and medical condition.  *See* Pl.'s Objection [Doc. No. 24] at 2.  She relies on this alleged breathing

problem to establish a threat of irreparable injury, and argues generally that other legal requirements for issuance of a preliminary injunction are met.

Upon *de novo* consideration of Plaintiff's allegations and arguments, the Court fully concurs in Judge Erwin's findings and conclusions. Although Plaintiff has a right to medical care, the law does not require a particular treatment for gender dysphoria. *See Brown v. Zavaras*, 63 F.3d 967, 970 (10th Cir. 1995). The Court also agrees with Judge Erwin that Plaintiff's allegations "about the health consequences of her housing situation are so vague that it cannot be said that there is a substantial likelihood that she would prevail." *See* Report & Recom. [Doc. No. 12] at 4. Because the Court cannot add significantly to Judge Erwin's careful analysis of Plaintiff's Motion, the Court adopts the Report and Recommendation as though fully set forth herein.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 12] is ADOPTED in its entirety. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. No. 2] is DENIED.

IT IS SO ORDERED this 9th day of May, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE