IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEANNE MARIE DRULEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-1191-D |
| ) | |
| JUSTIN JONES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court is Plaintiff's *pro se* filing entitled, "Motion for Independent Action for Relief from Judgment and/or Rehearing of the Court's Order" [Doc. No. 60]. Although the Motion cites both Fed. R. Civ. P. 59(e) and 60(b)(6), the Court liberally construes the Motion as one seeking relief under Rule 59(e) because it is timely filed and seeks amendment of the Order of March 17, 2015, dismissing or granting summary judgment on all claims asserted in the Complaint. Plaintiff seeks to file an untimely objection to the magistrate judge's Report and Recommendation and to obtain *de novo* review of the issues pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3). Contemporaneously with the Motion, Plaintiff has filed her proposed Objection [Doc. No. 61].

Upon consideration of the Motion and the proposed Objection, the Court finds insufficient reason to disturb the March 17 Order. Although Plaintiff allegedly was prevented from filing a timely objection by circumstances beyond her control, the Court finds that a *de novo* determination of the portions of the Report to which she proposes to object would not affect the outcome of the case.

First, Plaintiff concedes that her official-capacity claims against the director and employees of the Oklahoma Department of Corrections ("DOC") for money damages were properly dismissed. But she asserts that claims for injunctive relief should not be dismissed. Although a claim for prospective injunctive relief may sometimes proceed under the *Ex parte Young* doctrine,[1] any such claim would fail in this case for other reasons.

Second, Plaintiff challenges the dismissal of her claims against some defendants for failure to state a claim upon which relief can be granted. She contends the Complaint adequately alleges a basis for supervisory liability under *Iqbal v. Ashcroft*, 556 U.S. 662 (2009). There are "three elements required to establish a successful § 1983 claim against a defendant based on his or her supervisory responsibilities: (1) personal involvement; (2) causation, and (3) state of mind." *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). The Complaint states insufficient facts to establish any of these elements for her claim in Count I of denial of medical care by Defendants Justin Jones, former director of the Department of Corrections (DOC); Don Sutmiller, DOC's chief medical officer; Michael Addison, warden of Joseph Harp Correctional Center (JHCC); Buddy Honaker, JHCC's health service administrator; or James Keithley, JHCC's psychologist. Plaintiff also asserts she has sufficiently alleged that Dr. Keithley was deliberately indifferent to the mental health needs of a person with gender identity disorder (GID). However, the Complaint contains no factual allegations that might establish either, objectively, a serious need of Plaintiff for mental health treatment or, subjectively, deliberate

---

[1] *See Ex parte Young*, 209 U.S. 123 (1908).

indifference of Dr. Keithley to that need. *See Blackmon v. Sutton*, 734 F.3d 1237, 1244-45 (10th Cir. 2013) (applying standard of *Estelle v. Gamble*, 429 U.S. 97 (1976), to denial of mental health care).

Third, Plaintiff contends that dismissal of the equal protection claim asserted in Count II of the Complaint was improper because her failure to exhaust administrative remedies regarding this claim was due to her indigency and inability to pay postage. This argument is inconsistent with Plaintiff's institutional account record, which shows ample funds on hand during the grievance process. *See* Offender Statement Report [Doc. No. 4-1]. Plaintiff prepaid the full $400 filing fee in this case, and her motion for leave to proceed *in forma pauperis* was denied as moot. Further, the record shows that Plaintiff utilized the grievance process, but she did not follow the proper procedures with respect to her request to change DOC records to reflect female gender.

Finally, Plaintiff asserts that summary judgment was improperly granted in favor of Defendant Joel McCurdy, her treating physician, on her Eighth Amendment claim for deliberate indifference to serious medical needs. Plaintiff raises both procedural and merits-based issues. Plaintiff alleges that Dr. McCurdy failed to submit an affidavit in support of his motion and that the magistrate judge failed to properly convert Defendants' motion for dismissal under Rule 12(b)(6) to a motion for summary judgment. Plaintiff is incorrect on both points. Defendants expressly relied in their motion on Rule 56 and a court-ordered special report filed pursuant to *Martinez v. Aaron*, 570 F.3d 317 (10th Cir. 1978). Dr. McCurdy's affidavit was submitted as part of the Special Report as attachment 3 [Doc.

No. 29-3]. Further, "[a] *Martinez* report is treated like an affidavit . . . . The plaintiff's complaint may also be treated as an affidavit if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991). Here, the magistrate judge properly relied on facts shown by the Special Report and the Complaint, which was verified pursuant to 28 U.S.C. § 1746, in his findings and recommendation for summary judgment. *See* Report & Recom. [Doc No. 53], pp.3-4, 14-15

Regarding the merits of Plaintiff's claim that Dr. McCurdy refused to treat her GID or refer her to a specialist in such treatment, the undisputed facts show that no Eighth Amendment violation occurred. Dr. McCurdy treated Plaintiff's GID with prescriptions for hormonal medications; he simply did not utilize the dosage level or a particular medication Plaintiff requested. Dr. McCurdy did not authorize Plaintiff to receive vaginoplasty, but he based this decision on his medical judgment regarding the risk of elective surgery in light of Plaintiff's other health conditions. The law is clear that "[d]isagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation." *See Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010). For the first time in her proposed Objection, Plaintiff cites the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12135, and the Protection and Advocacy for Individuals with Mental Illness Act, 42 U.S.C. §§ 10801-10851, and claims Dr. McCurdy also violated these statutes. Plaintiff's Complaint fails to plead facts that would establish the applicability or a violation of either law. Further, the latter act provides funding for state protection and advocacy

systems and gives a state's designated system the authority to investigate incidents of alleged abuse of individuals with mental illness and to pursue remedies on their behalf; it does not create a private right of action by the individuals themselves. *See Indiana Prot. & Advocacy Servs. v. Indiana Family & Soc. Servs. Admin.*, 603 F.3d 365, 375 & n.9 (7th Cir. 2010).

For these reasons, the Court finds that the rulings in the March 17 Order were correct, even if Plaintiff's untimely Objection were to be considered. Therefore, Plaintiff has failed to provide a sufficient basis for relief from the judgment.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Independent Action for Relief from Judgment and/or Rehearing of the Court's Order [Doc. No. 60] is DENIED.

IT IS SO ORDERED this 13th day of April, 2015.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE